UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN SHLOMO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br>AMERICAN CORADIUS INTERNATIONAL, LLC,<br><br>Defendants. | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff KAREN SHLOMO (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Law Office of Alan J. Sasson, P.C., against Defendants AMERICAN CORADIUS INTERNATIONAL, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with an office maintained in Amherst, New York.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Citibank, N.A., that contains the alleged violations arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is

complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO KAREN SHLOMO

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a

Collection Letter to Plaintiff seeking to collect an unpaid tuition balance allegedly owing to Citibank, N.A.

15. On or about December 8, 2015 Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said December 8, 2015 Collection Letter provided that the amount due was $13,366.91.

19. Said Letter provided: "**Logon to www.acibillpay.com to see the repayment options available to you.**"

20. On February 3, 2016, upon following Defendant's instructions and logging on to Plaintiff's account, Plaintiff was indicated the following:

"The account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise permitted by law." (*See* **Exhibit A page 2**).

21. Defendant was attempting to collect on Plaintiff's purportedly overdue CITI MASTERCARD account with Citibank, N.A. (the "Creditor").

22. Upon information and belief, Plaintiff's account with Citibank, N.A. was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

23. Upon information and belief, the amount due and collected by Defendant will never change due to interest, late charges or other charges.

24. Defendant's December 8, 2015 collection letter and the Screenshot of Defendant's website taken on February 3, 2016 reflect the exact same balance allegedly due and owing to Defendant, further evidencing Plaintiff's allegations.

25. Rather, upon information and belief, Defendant arbitrarily threatened that Plaintiff's

account may be subject to such fees, in an attempt at pressuring Plaintiff into paying the account quickly, so as to avoid these non-existent fees.

26. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

27. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

### First Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to Status of Debt

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

31. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

32. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that the account balance stated above would be subject to change, and could be subject to interest, late charges or other charges. As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment due to the terms of the original

credit agreement after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Second Count**
**15 U.S.C. §1692g *et seq*.**
**Validation of Debts**

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Pursuant to 15 USC §1692g, a debt collector:

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   (1) The amount of the debt;
   (2) The name of the creditor to whom the debt is owed;
   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
   (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. Defendant violated 15 USC §1692g by failing to accurately state the balance of the debt by stating that the outstanding balance may increase due to interest, late charges or other charges.

37. As a result of Defendant's action, Plaintiff and the least sophisticated consumer could reasonably conclude that she must pay the balance stated in the letter immediately or possibly owe a larger amount, thus leaving her uncertain as to her rights.

38. Furthermore, as a result of Defendant's action, Plaintiff and the least sophisticated consumer would not know the exact amount due and owing, as required by 15 USC §1692g(a)(1), where the Collection Letter falsely stated that the amount due may be greater than the amount actually stated on the Collection Letter.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Third Count
### Violation of 15 U.S.C. § 1692e, *et seq*
### False or Misleading Representations as to the Rights of the Consumer

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

44. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

45. Defendant's December 8, 2015 Collection Letter states in pertinent part: "Citibank, N.A. will report forgiveness of debt as required by IRS regulations."

46. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

47. It is thus entirely conceivable to forgive amounts of a debt and yet not report the balances forgiven to the Internal Revenue Service.

48. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

49. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

50. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

51. The language in the letter that states "Citibank, N.A. will report forgiveness of debt as required by IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that it report all forgiveness of debt.

---

[1] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

52. The words "Citibank, N.A. will report forgiveness of debt" is reasonably read to mean that it will report all forgiveness of debt.

53. The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt.

54. Although Defendant had no duty to disclose any potential tax ramifications,[2] when ARS chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

55. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens **only if** the principal forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the $600 or greater amount forgiven contained interest forgiveness, so long as the principal was less than $600.

56. The statement "Citibank, N.A. will report forgiveness of debt as required by IRS regulations" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax

---

[2] See. *Altman v. J.C. Christensen & Assocs.*, 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

information, because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS report forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

57. If the creditor legitimately wishes to give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

58. The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

59. The use of the words "as required by IRS regulations" is an attempt by the debt collector to make the debtor think that the IRS regulations require the reporting of all forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor will report all forgiveness of debt as is required by IRS regulations.[3]

60. In a recent decision, this court found in the case of *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal**

---

[3] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996). (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

**debts**." *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) (emphasis added); see also *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014). (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA).

61. Defendant tends to give erroneous and/or incomplete tax advice to consumers.

62. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[4]

63. The statement in said December 8, 2015 letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

64. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

---

[4] *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 4, 2016

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq. (AS 8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Alan J. Sasson
Alan J. Sasson, Esq.

Dated: February 4, 2016